SUMNER HARTWELL *v.* TOWN OF NEWARK.

*Soldier's Bounty.    Selectmen.    Towns.*

The plaintiff was induced to enlist to the defendants' credit when other towns were paying $300 bounty, by a promise of the defendants' selectmen that the defendants would pay him as much bounty as they should vote to others. Soon after the town voted to pay $300 each to eleven men, the number then required to fill their quota. *Held,* that the plaintiff could not recover, as the vote to pay bounties did not include him.

ACTION for a bounty. Plea, the general issue. Trial by jury, June term, 1868, STEELE, J., presiding. Verdict, by order of the court, for the defendants for their costs. Exceptions by the plaintiff.

The plaintiff enlisted November 20, 1863, in company B of the 11th Vermont regiment, and served until he was honorably discharged. He applied upon the defendants' quota under the president's call of October 17, 1863. At the time he enlisted, other towns in the vicinity were paying a bounty of $300. The plaintiff's evidence tended to show that he was induced to allow his name to pass to the defendants' credit, by a promise from the defendants' selectmen that, if he would do so, the town would pay him as much bounty as they should vote to others. The town had not then voted to pay any bounties; but on the 26th of March, 1864, they legally voted to pay eleven men (their deficiency upon the date of said vote) bounties of $300 each, to enlist to their credit. No other vote was read in evidence.

The court ruled that the defendants could not be held liable for a bounty, until they voted it, and that no such vote was proved as would entitle the plaintiff to recover, and directed a verdict for the defendants ; to which the plaintiff excepted.

The vote was as follows :

" Voted to raise thirty-three hundred dollars to pay eleven volunteers to enlist under the last call of the president; also, to pay the same, if men are drafted under the same call."

*Thomas Bartlett,* for the plaintiff.

22

*Timothy P. Redfield, Oliver T. Brown,* and *George C. & George W. Cahoon,* for the defendants.

The opinion of the court was delivered by

PECK, J.  In deciding upon the ruling of the county court, we must assume that the jury would have found all the facts that the evidence on the part of the plaintiff tended to show, had the court allowed the case to go to the jury.  The case then shows clearly a contract between the plaintiff and the selectmen, that the town should pay the plaintiff as much bounty as the town should vote to others; that the plaintiff, relying on that promise of the selectmen, enlisted to the credit of the defendant town, when other towns in the vicinity were paying a bounty of three hundred dollars, which the jury would have been justified in finding that the plaintiff could have obtained, had he not been thus induced to have his name placed to the credit of the defendants.  The case is a clear case of a contract in fact on the part of the selectmen, as it appears that the town soon after voted to pay three hundred dollars each to eleven men who were at the date of the vote necessary to fill their quota.  The plaintiff, having served under this enlistment until honorably discharged, and having confided in the assurances of the selectmen when otherwise he might have obtained a bounty from some other town, presents a case as strong in justice and morals in favor of a recovery of a bounty as can well be conceived.  But it lacks the necessary legal binding force on the town.  At the time of the promise on the part of the selectmen, the town had not voted to pay any bounties; and when they did afterward vote to pay bounties, although the selectmen had given such assurance to the plaintiff, and the town thereby had the benefit of his enlistment to reduce their quota, yet they were careful to limit the vote to the remaining eleven men still to be enlisted to fill their quota, to the exclusion of the plaintiff.  This the town had the legal power to do, and having done it, the law can afford no relief.

Judgment affirmed.